Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

**IN THE CIRCUIT COURT OF FRANKLIN COUNTY**
**20th JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JEFFREY ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| v. | ) | |
| | ) | Div: |
| FERRARI NORTH AMERICA, INC., | ) | |
| | ) | |
| Serve: Ferrari North America, Inc. | ) | |
| C/O CT Corporation System | ) | |
| 820 Bear Tavern RD | ) | |
| West Trenton, NJ 08628 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW, Plaintiff Jeffrey Rose ("Plaintiff"), by and through his undersigned counsel, brings this personal injury action against Defendant Ferrari North America, Inc. ("Ferrari" or "Defendant") to recover damages for medical expenses, travel expenses, pain and suffering, and mental and emotional distress arising out of and costs related to the accidents involving his Vehicles.[1] Plaintiff makes the following allegations upon information and belief, the investigation of his counsel, and facts that are a matter of public record.

## I. INTRODUCTION

1. Cars need to be able to slow down and stop when the driver pushes on the brake pedal. This is a very important safety feature of a vehicle.

[1] Plaintiff is explicitly not seeking any economic loss damages due to the sale or repair of his Vehicles, nor any other damages sought on his behalf on a class wide basis in *Rose v. Ferrari North America, Inc. et al.*, Civil Action No. 2:21-cv-20772-MEF-CLW (D.N.J. 2021). Plaintiff's sole claims for relief are for personal injuries due to incidents involving his Vehicles.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

2. Plaintiff purchased a pre-owned 2018 model year 488GTB Ferrari on or about June 29, 2020 from an authorized Ferrari dealership located in Hinsdale, Illinois.

3. Approximately one year later, on or about June 25, 2021, Plaintiff purchased a replacement pre-owned 2018 488 GTB Ferrari at an authorized Ferrari dealership in Roswell, Georgia (Plaintiff's vehicles collectively referred to as "Vehicles").

4. The braking systems common to and equipped in Plaintiff's Vehicles had a defect that causes partial or total loss of braking capability (the "Brake Defect" and the brakes as "Defective Brakes").

5. Defendant had actual knowledge of the Defect since at least 2015, when a Technical Engineer with Ferrari S.p.A. testified in Hong Kong regarding the effectiveness and engineering of the braking systems within certain Ferrari models at a criminal trial on the matter of wrongful death following a crash of a 2012 Ferrari 458 Spider.

6. Defendant also knew or should have known of the Defect from far earlier due to pre-production testing, failure mode analysis, online complaints, and reports to authorized dealers and repair centers.

7. Despite Defendant's knowledge, Defendant negligently sold the Vehicles to Plaintiff and thus injured Plaintiff as described herein. Defendant is also strictly liable for Plaintiff's injuries.

8. Plaintiff Rose brings this action for Defendant's unlawful conduct. Plaintiff seeks damages for his medical expenses, travel expenses, pain and suffering, mental and emotional distress arising out of and costs related to the accidents

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

involving his Vehicles, including attorneys' fees and costs, punitive damages, and any other legal relief available for his personal injury claims.

## II. PARTIES

9. Plaintiff Jeffrey Rose is a resident of Franklin County, Missouri.

10. Ferrari North America, Inc. is incorporated in Delaware with its principal place of business at 250 Sylvan Avenue, Englewood Cliffs, New Jersey. Defendant distributed, sold, serviced, and/or warranted thousands of Ferrari models, including, directly or indirectly, to Plaintiff with the understanding and expectation that Plaintiff's Vehicles would be sold, operated, and fit for their intended purpose across the country, including in Missouri.

## III. JURISDICTION AND VENUE

11. This Court has original jurisdiction under Article V of the Missouri Constitution.

12. This Court has specific jurisdiction over Defendant because Ferrari caused Plaintiff's injuries in Missouri.

13. Venue is proper in this judicial circuit pursuant to R.S.Mo. § 508.010.4, because Plaintiff was first injured in this judicial circuit.

## IV. FACTUAL BACKGROUND

### A. PLAINTIFF ROSE PURCHASED DEFECTIVE VEHICLES, EXPERIENCED THE BRAKE DEFECT AND WAS INJURED

14. Plaintiff Rose purchased a pre-owned 2018 488GTB Ferrari, VIN ZFF67NFA0E0196856, on June 29, 2020 from Continental Auto Sports, a certified Ferrari dealer, located in Hinsdale, Illinois ("Plaintiff Rose's 2020 Vehicle") and registered to his home in Franklin County, Missouri.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

15. On June 4, 2021, while running errands, Plaintiff Rose's 2020 Vehicle displayed a message on the left dash instrument panel that read: "brake fluid low - drive to dealer slowly."

16. Plaintiff Rose drove the Ferrari slowly home and pulled into the driveway of his residence at approximately 10 miles per hour in first gear. When he attempted to press the brake pedal nothing happened – the brakes would not work. Plaintiff Rose's 2020 Vehicle continued moving forward into his yard with Plaintiff Rose continually





trying to press the brakes but the brakes would not engage or slow the vehicle. Plaintiff Rose frantically released his seat belt, opened the driver's side door, and jumped out of the moving vehicle just before it entered the 20-foot-deep pond behind his residence and sunk to the bottom. Here is a picture of the hill and the vehicle in the water. Plaintiff Rose's 2020 Vehicle was taken to a salvage company and deemed a total loss by Plaintiff's automobile insurer, State Farm. On June 23, 2021, Plaintiff Rose settled his insurance claim with State Farm.

17. When he jumped out of the moving car because of the Brake Defect, Plaintiff Rose was injured and damaged, including injuries to his right flank/hip/buttocks area and back. Plaintiff obtained medical care to address these injuries, which included physical therapy, counseling due to post-traumatic stress.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

Plaintiff incurred medical bills for reasonable and necessary medical treatment, and will incur additional medical expenses in the future. He has been caused to suffer, and will continue to suffer, physical pain and mental anguish.

18. On June 25, 2021, Plaintiff Rose then purchased a replacement pre-owned 2018 488GTB Ferrari, VIN ZFF79ALA9J0232226, at Ferrari Maserati Atlanta, a certified Ferrari dealer, located in Roswell, Georgia ("Plaintiff Rose's 2021 Vehicle") (Plaintiff Rose's 2020 Vehicle and Plaintiff Rose's 2021 Vehicle, together, "Plaintiff's Vehicles"). Plaintiff Rose's 2021 Vehicle came with a three-year/unlimited-mileage factory warranty and a 24-month bumper-to-bumper extended warranty purchased by the original owner that expired on December 7, 2022. "). Plaintiff Rose's 2021 Vehicle was also registered to his home in Franklin County, Missouri.

19. On July 17, 2021, Plaintiff Rose's 2021 Vehicle experienced a brake failure also due to the Brake Defect. Just as before, Plaintiff Rose's 2021 Vehicle displayed a message on the left dash instrument panel that read: "brake fluid low - drive to dealer slowly." The nearest Ferrari dealer is more than 300 miles from his home. Instead, plaintiff Rose drove home and by the time he reached his garage the brake pedal malfunctioned again, with the pedal going straight to the floor. Ferrari towed Plaintiff Rose's 2021 Vehicle to Continental Auto Sports where it underwent repairs. The service record states:

> Confirmed customer's concern. Removed trunk panels and found brake fluid resv completely empty. Raised vehicle and checked for leaks. No leaks found on any brake line or caliper. Removed trunk assembly, disconnected vac line on booster and used a piece of rubber hose to verify brake fluid has leaked into booster. Opened report with Ferrari. Replaced complete booster and master cylinder. [B]leed brakes and road test car. Brake now operates correctly.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

20. On September 18, 2021, Plaintiff Rose submitted Complaint No. 11433534 to the National Highway Traffic Safety Administration ("NHTSA") describing his experiences.

21. On November 2, 2021, Plaintiff Rose received an email from Ferrari North America advising him that:

> Ferrari is investigating whether a problem exists in certain Model Year 2016-2018 vehicles… [that] are equipped with a braking system that could potentially leak brake fluid, which may lead to a total loss of braking capability, and result in an accident… [I]f a message appears on your dashboard, "Brake fluid level low, Go to dealer slowly", please pull off the road as soon as it is safe to do so. Then contact Ferrari Roadside Assistance… Your car will be taken to the nearest authorized Ferrari dealer and inspected free of charge. If necessary, Ferrari will perform any necessary repairs to your vehicle for free.

22. On November 9, 2021, Plaintiff Rose received a letter from Defendant Ferrari providing the same information as that set forth above in the November 2 email.

23. Prior to the sale and despite Defendant's knowledge of the defect, Ferrari did not disclose the Brake Defect.

24. Ferrari was negligent in manufacturing and selling its cars with the Brake Defect and in failing to disclose the Brake Defect.

## B. FERRARI AND BOSCH KNEW OF THE BRAKE DEFECT BUT MISREPRESENTED AND/OR CONCEALED ITS EXISTENCE

25. Defendant knew that any defect potentially leading to loss of braking capability, such as the Brake Defect, presents a serious safety risk.

26. Notwithstanding Defendant's exclusive and superior knowledge of the Brake Defect, Defendant failed to disclose the Defect to Plaintiff.

27. NHTSA provides a system for motor vehicle owners to report complaints relating to safety defects that pose a risk of accidents in vehicles manufactured or imported in the United States, including safety defects relating to brake malfunctions.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

The safety defect complaints are entered into the NHTSA consumer complaint automated database, which is accessible to manufacturers and are routinely reviewed by Ferrari soon after the submission of each complaint. NHTSA also provides these consumer complaints to the vehicle manufacturers directly, including Ferrari. Given the vast majority of owners of these Vehicles are not aware of NHTSA and/or its reporting system, complaints received by NHTSA form only a small minority of the overall number of complaints which have been made to Ferrari directly and/or through its authorized dealerships, including through the form of warranty repairs.

28. Below is a sampling of complaints made to the NHTSA:

Model/Year: 2010 Ferrari 458 Italia
NHTSA ID: 11195454
Incident Date: December 29, 2018
Report Date: April 10, 2019
Location: San Jose, CA
VIN Number: ZFF67NFA0A0****

A few occurrences of applying the brake, but the brake pedal barely moves further (hard brake feel) but the car does not slow down. Has occurred going forward at slow speeds. However next brake application is normal. Perhaps issue with brake boost[er]?

---

Model/Year: 2018 Ferrari 488 GTB
NHTSA ID: 11433534
Incident Date: June 4, 2021
Report Date: September 19, 2021
Location: Unknown
VIN Number: ZFF79ALA2J0****

On 6/4/21, my 2018 Ferrari 488 GTB displayed a message in my left dash instrument panel prior to complete brake failure in my driveway that read “brake fluid low-drive to dealer slowly”, that resulted in my Ferrari being totaled by State Farm after I jumped out of the running and moving Ferrari onto my rear lawn between 10 to 15 miles per hour before it went into a pond behind my residence. Then, 6-weeks later the replacement 2018 Ferrari GTB VIN#[XXX] I purchased from Ferrari of Atlanta displayed the same message in my left dash instrument panel that read “brake fluid low-drive to dealer slowly before the brake pedal went completely to the floor as I was pulling into my garage. After having the replacment Ferrari towed into

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

Continental Ferrari it was determined that the brake fluid had leaked inside the brake booster that caused the brake failure on the replacement Ferrari. The first Ferrari was taken to a company and sold as salvage. The company name is Copart and their telephone number is (314) 291-8400. None of the Ferrari service departments or sales departments that I contacted had any record or knowledge of the brake failure problems that I experienced within a 6-week period on 2 separate Ferrai 488 GTB's. I could have been trapped inside my Ferrari that went into the pond behind my residence and possibly killed. I could also have been injured or killed along with other motorists in my replacment Ferrari that had the same brake failure issue just 6-weeks later if I was unable to get the replacement Ferrari home and safely inside [m]y garage before the brakes completely failed a second time. I don't understand why Ferrari has the message "brake fluid low-drive to dealer slowly" display[] that gives drivers a false sense of security that the brakes will continue to work properly until you drive to the dealer. That's a deadly warning and major safety concern to me. My cell number is [XXX] and I live in the St. Louis area. Please call me! Information redacted pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552(B)(6).

---

Model/Year: 2018 Ferrari 488 Spider
NHTSA ID: 11435451
Incident Date: September 7, 2021
Report Date: October 4, 2021
Location: Vero Beach, FL
VIN Number: ZFF80AMA0J0****

On 07 September 2021, I had been driving my 2018 Ferrari 488 Spider for 8 to 10 miles when the car suddenly displayed the following message "Brake Fluid Low, Go to Dealer Slowly". (note: Dealer is 2 hours away at 60 mph). As I slowed the car from approximately 45 mph, the brakes felt minimal but with down-shifting and minimal brakes I was able to slow the car. I attempted to limp home at 5 to 10 mph however within 3 miles or so the brakes failed completely. With the pedal to the floor there was absolutely no effect on the vehicle. It was fortunate that I was able to slow the car prior to complete failure and did not hit anything or anyone. Once the brakes failed completely, I did end up running through a stop sign before I could pull off the road into a parking lot and only stopped the car by rolling into an uphill parking spot and hitting the concrete parking barrier with the tires. I found it was necessary to turn the car off in order to keep it from rolling backwards. The car does not have a classic emergency brake but rather an electronic hold function. When trying to activate this function to keep the car from rolling backwards the car displayed the following message (as best I can remember) "Depress Brake Pedal to Activate Hold". However, with the brake pedal fully depressed, the function would not activate even though it worked fine prior to the brake failure (and subsequent to repair). The car was towed to the dealer and repaired under warranty. The service manager reported that the Master Cylinder leaked into the vacuum booster. I had requested that the failed parts be returned to me however the service

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

manager advised me that failed parts replaced under warranty are returned to Ferrari.

---

Model/Year: 2018 Ferrari 488 GTB
NHTSA ID: 11448032
Incident Date: November 1, 2021
Report Date: January 19, 2022
Location: Reno, NV
VIN Number: ZFF79ALAXK0****

The contact owns a 2019 Ferrari 488 GTB. The contact received notification of NHTSA Campaign Number: 21V833000 (Service Brakes, Hydraulic) however, the part to do the recall repair was unavailable. The contact called the local dealer and it was confirmed that parts were not yet available. The contact stated that the manufacturer had exceeded a reasonable amount of time for the recall repair. The contact stated that he was concerned about driving the vehicle. The manufacturer was not notified. The contact had not experienced a failure. Parts distribution disconnect.

---

Model/Year: 2017 Ferrari 488 GTB
NHTSA ID: 11482908
Incident Date September 4, 2022
Report Date: September 5, 2022
Location: Austin, TX
VIN Number: ZFF79ALA0H0****

On Sunday Sept 4th, while attending an Edge Addicts track day event at Circuit of the Americas in Austin, My 2017 488 was part[] of the run group, 2 laps were completed prior to the brake pedal failing completely to the floor and causing my driver to loose all braking capability and slamming into a wall. We have in car video from Go Pro footage, footage from another vehicle from behind my 488 and also footage from the control room of the track. This vehicle was purchased 3 months ago, the brake fluid is at the correct level and the new "Recalled" Brake fluid cap is installed. There is some sort of serious manufacturing defect with this system, this is a car designed for this type of use. This needs a serious investigation before others are hurt or killed.

29. Federal law requires automakers like Ferrari to be in close contact with NHTSA regarding potential defects. *See* TREAD Act, Pub. L. No. 106-414, 114 Stat. 1800 (2000). Accordingly, Ferrari monitors NHTSA databases for consumer complaints

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

regarding their automobiles as part of their obligation to identify potential defects in their vehicles, such as the Brake Defect.

30. From its monitoring of the NHTSA databases, as well as their monitoring of complaints made on internet forums and to certified dealerships, Ferrari knew or should have known of the Brake Defect complaints lodged, such as those quoted above. However, Ferrari failed to act on that knowledge by warning consumers such as Plaintiff.

31. Defendant knew about the Defect due to consumer complaints made online and internally to their exclusive network of dealers, which Defendant monitor as part of a continuous obligation to identify potential defects in their vehicles.

32. Defendant's negligence regarding the Brake Defect created a safety risk for Plaintiff.

33. Defendant knew about the Brake Defect through monitoring complaints identifying the Defect, which were posted before Plaintiff purchased Plaintiff's Vehicles.

34. As evidenced by, among other things, the complaints submitted to NHTSA and elsewhere, Defendant has been aware of the Brake Defect years before it issued recalls. Further Defendant knew that the Defect poses a serious safety risk to consumers like Plaintiff and the associated costly injuries should an individual experience the Brake Defect.

35. Defendant monitored and saw the above quoted consumer complaints for three reasons:

a. First, pursuant to the Transportation Recall Enhancement, Accountability, and Documentation Act (the "TREAD Act"), 49 U.S.C. § 30118, manufacturers are required to monitor reports submitted to NHTSA and report information regarding internal customer complaints

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

and warranty claims to NHTSA, and federal law imposes criminal penalties against manufacturers who fail to disclose known safety defects.

b. Second, car manufacturers like Defendant know that NHTSA is a repository for complaints, and as such can provide an early warning mechanism for responding to design or manufacturing defects that pose a safety hazard. Hence, as courts have found, it is entirely reasonable to assume that car manufacturers closely monitor and analyze complaints made online and to NHTSA—particularly when it entails safety hazard.

c. Third, online reputation management (commonly called "ORM" for short) is now a standard business practice among most major companies and entails monitoring consumer forums, social media, and other sources on the internet where consumers can review or comment on products. "Specifically, [online] reputation management involves the monitoring of the reputation of an individual or a brand on the internet, addressing content which is potentially damaging to it, and using customer feedback to try to solve problems before they damage the individual's or brand's reputation." [2] The growth of the internet and social media and the advent of reputation management companies have led to ORM becoming an integral part of many companies' marketing efforts. Defendant regularly monitored consumer complaints in connection with its ORM activities because candid comments from Ferrari owners provide valuable data regarding quality control issues and customer satisfaction.

[2] Moryt Milo, *Great Businesses Lean Forward, Respond Fast*, SILICON VALLEY BUSINESS JOURNAL (September 5, 2013), http://www.bizjournals.com/sanjose/printedition/2013/05/17/great-businesses-lean-forward-respond.html.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

36. Moreover, Ferrari, in particular, is a high-end brand. As such, every touch point of the brand has an impact on customer perception, making any negative interaction a potential reputational threat. Luxury products and services are heavily reliant on experiences. As stated by Andrew Nahum, a curator of Ferrari: Under the Skin, an exhibition at the Design Museum, in London, England, "the branding and the reputation comes from the quality of the product...they can do that because the quality of the product and the continuity and history of it. It's a super-car like no other, really."

37. Nevertheless, Ferrari negligently continued to manufacture and sell the Vehicles while omitting that their braking systems are defective and dangerous and without remedying the Brake Defect.

**COUNT I**
**STRICT PRODUCT LIABILITY**

COMES NOW Plaintiff Rose, by and through his undersigned counsel, and for Count I of his cause of action states as follows:

38. Plaintiff restates, adopts, and incorporates by reference all paragraphs as though fully set forth herein.

39. In the course of Defendant's business, Defendant researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise placed the dangerous vehicles with a defective braking system—including Plaintiff's Vehicles—into the stream of commerce.

40. Defendant did so knowing that its Vehicles with Defective Brakes would reach Plaintiff, and that, at the time the Defective Brakes left Defendant's control, they were defective, unreasonably dangerous, and unreasonably endangering to Plaintiff's safety when used for the reasonably anticipated and foreseeable purpose of providing safe and reliable transportation to Plaintiff.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

41. The braking system was unreasonably dangerous and defective when Plaintiff put it to a reasonably expect use due to causes that will be further uncovered during discovery, but as a preliminary matter may be related to leaking brake fluid and/or the master cylinder/brake booster component within Plaintiff's Vehicles.

39. The dangerous propensities of the Defective Brakes, as referenced above, were known to the Defendants, through appropriate research and testing by known methods, at the time they designed, distributed, supplied, or sold the Defective Brakes. Such information was not known to Plaintiff, who reasonably expected Defendant to disclose information about the Brake Defect prior to, and/or at the time of, and/or following, his purchase of Plaintiff's Vehicles.

40. Defendant failed to design, test, validate, manufacture, sell and place in the stream of commerce Plaintiff's Vehicles and braking systems that are free from the Brake Defect and the unreasonable safety risks it poses.

41. Missouri's strict product's liability common law cause of action is congruent to 21 U.S.C §§ 331(a) and 333(a)(2).

42. The above-described Brake Defect and dangerous, life endangering condition of the Defective Brakes existed when Defendant sold and distributed Plaintiff's Vehicles with the defective braking system.

43. Plaintiff's Vehicles and their brakes were defective and unreasonably dangerous when used by Plaintiff in a manner reasonably anticipated.

44. The use of Plaintiff's Vehicles with the Brake Defect in accordance with the product's intended use caused serious injury to Plaintiff, including serious injuries to his right flank/hip/buttocks area and back, due to having to jump from his moving vehicle as result of the Defective Brakes. He further reported back pain, lumbar strain, contusion, and renal injury/contusion.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

45. As a direct and proximate result of the defective and unreasonably dangerous condition of Defendant's Defective Brakes as it existed when they were sold and distributed, Plaintiff was injured and damaged and required physical therapy and counseling due to post-traumatic stress stemming from the incident referenced above. Plaintiff incurred medical bills for reasonable and necessary medical treatment, and will incur additional medical expenses in the future. He has been caused to suffer, and will continue to suffer, physical pain and mental anguish.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for personal injury damages he sustained (medical expenses, pain and suffering and emotional distress), but not any economic loss damages due to the sale or repair of Plaintiff's Vehicles, together with costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.

**COUNT II**
**STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

COMES NOW Plaintiff Rose, by and through his undersigned counsel, and for Count II of his cause of action states as follows:

46. Plaintiff restates, adopts, and incorporates by reference all paragraphs as though fully set forth herein.

47. In the course of Defendant's business, Defendant designed, tested, validated, manufactured, sold, and placed Plaintiff's Vehicles with a defective braking system into the stream of commerce.

48. In the course of same, Defendants, directly or indirectly, advertised, marketed, and promoted Plaintiff's Vehicles with the defective braking system to Plaintiff, and therefore had a duty to warn of the risks of a known Brake Defect.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

49. Defendant expected the dangerous vehicles with the Defective Brakes to reach consumers like Plaintiff, without any substantial change in the condition of the product from when it was initially distributed by Defendants.

50. The cause of the Brake Defect, as manufactured and/or supplied by Defendants, will be further uncovered during discovery, but as a preliminary matter may be related to leaking brake fluid and/or the master cylinder/brake booster component within Plaintiff's Vehicles.

51. The Defective Brakes were inherently dangerous when put to a reasonably anticipated use, such as driving, without knowledge of its characteristics, thereby creating an unreasonable risk of bodily injury to Plaintiff, and even death.

52. The Defective Brakes were defective and unsafe when they left Defendant's possession and control, were distributed by Defendants, and sold to Plaintiff.

53. The Defective Brakes created an unreasonable risk of full or partial brake failure and resulting risk of serious bodily injury or death.

54. The dangerous propensities of the Defective Brakes, as referenced above, were known to Defendants, through appropriate research and testing by known methods, at the time they designed, distributed, supplied, or sold the Defective Brakes. Such information was not known to Plaintiff, who reasonably expected Defendant to disclose information about the Brake Defect prior to, and/or at the time of, and/or following, his purchase of Plaintiff's Vehicles.

55. Defendant failed to give adequate warning to Plaintiff, of the dangerous risks associated with the Brake Defect, including the risk of serious bodily injury or death.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

56. Defendant had a continuing duty to warn Plaintiff of the dangers associated with the Defective Brakes, but failed to communicate adequate information, rendering Plaintiff's Vehicles Defective Brakes unreasonably dangerous to Plaintiff.

57. Plaintiff could not have discovered the Brake Defect through the exercise of reasonable care when purchasing Plaintiff's Vehicles and relied upon the skill, superior knowledge, and judgment of Defendants.

58. Had Defendant properly disclosed and disseminated the risks associated with the Defective Brakes, Plaintiff would have avoided the risk of serious bodily injury or death due to the Defective Brakes and/or minimized and/or mitigated injury damages resulting from full or partial failure of the Defective Brakes.

59. The Defective Brakes cause serious injury to Plaintiff, who used the Defective Brakes for their intended purposes and in a reasonably anticipated manner.

60. Missouri's strict product's liability common law cause of action for failure to warn is congruent to 21 U.S.C §§ 331(a) and 333(a)(2).

61. As a direct and proximate result of the defective and unreasonably dangerous condition of Defendant's Defective Brakes as it existed when they were sold and distributed, Plaintiff was injured and damaged and required physical therapy and counseling due to post-traumatic stress stemming from the incident referenced above. Plaintiff incurred medical bills for reasonable and necessary medical treatment, and will incur additional medical expenses in the future. He has been caused to suffer, and will continue to suffer, physical pain and mental anguish.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for personal injury damages he sustained (medical expenses, pain and suffering and emotional distress), but not any economic loss damages due to the sale or

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

repair of Plaintiff's Vehicles, together with costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.

## COUNT III
## NEGLIGENCE

COMES NOW Plaintiff Rose, by and through his undersigned counsel, and for Count III of his cause of action states as follows:

62. Plaintiff restates, adopts, and incorporates by reference all paragraphs as though fully set forth herein.

63. Defendant designed, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, warranted, and/or sold the Defective Brakes.

64. Defendant owed to Plaintiff, the duty to exercise ordinary care in the design, manufacture, sale, and/or distribution of Plaintiff's Vehicles with the Defective Brakes into the stream of commerce, including a duty to ensure that their products did not pose a significantly increased risk of bodily harm and adverse events.

65. Defendant had an obligation to follow the law in the manufacture, design, testing, assembly, inspection, labeling, packaging, supplying, marketing, selling, advertising, preparing for use, and otherwise distributing Plaintiff's Vehicles with the Defective Brakes.

66. The Defendant had a duty to exercise ordinary care when designing, manufacturing, marketing, advertising, distributing, and selling the Defective Brakes, including the duty to take all reasonable steps necessary to ensure the product was not unreasonably dangerous to its consumers and users, and to warn Plaintiff of the dangers associated with Plaintiff's Vehicles and their Defective Brakes.

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

67. The above-described Defective Brakes were used by Plaintiff for the purpose for which they are reasonably and foreseeably intended.

68. The Defective Brakes were defective and unreasonably dangerous when put to a reasonably expected use by Plaintiff because of their unsafe and defective design, and propensity for full or partial brake failure.

69. The above-described defects and dangerous conditions existed when Defendant distributed the Defective Brakes.

70. Missouri's negligent product's liability common law cause of action is congruent to 21 U.S.C §§ 331(a) and 333(a)(2).

71. At all times material hereto, Defendant had actual knowledge, or in the alternative, should have known through the exercise of reasonable and prudent care, of the hazards and dangers of the Defective Brakes.

72. Even though Defendant knew or should have known that the Defective Brakes caused serious injuries, due to full or partial brake failure, they failed to exercise reasonable care to warn of the severity of the dangerous risks associated with using Plaintiff's Vehicles for their reasonably anticipated purpose. The dangerous propensities of the Defective Brakes, as referenced above, were known to the Defendants, or scientifically knowable to them, through appropriate research and testing by known methods, at the time they designed, distributed, supplied, or sold the Defective Brakes. Such information was not known to Plaintiff, who reasonably expected Defendant to disclose information pertaining to the safety of Plaintiff's Vehicles, which would not have been otherwise discoverable by Plaintiff.

73. The Defendant failed to exercise ordinary care and/or were negligent and/or wanton in the design, formulation, manufacture, sale, testing, quality assurance, quality control, and distribution of the Defective Brakes into interstate commerce

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

because Defendant knew or should have known that Plaintiff's Vehicles and their Defective Brakes caused and/or had the ability to cause significant bodily harm and were not safe for use by Plaintiff.

74. The Defendant failed to exercise ordinary care and were negligent in one or more of the following respects:

a. Negligently designing the Defective Brakes;

b. Failing to properly and thoroughly test the Defective Brakes before releasing the Defective Brakes to market;

c. Failing to conduct sufficient post-market testing and surveillance of the Defective Brakes;

d. Negligently continuing to manufacture, market, advertise, and distribute the Defective Brakes after the Defendant knew or should have known about the Brake Defect in Plaintiff's Vehicles before making Plaintiff's Vehicles available for purchase and use by Plaintiff;

e. Negligently continuing to manufacture, market, advertise, and distribute the Defective Brakes after the Defendant knew or should have known of the risks associated with the braking system's failure; and

f. Negligently directed drivers to continue driving a vehicle with Defective Brakes with the "brake fluid low – go to dealer slowly" message, instead of a message directing the driver to stop driving and to have vehicle towed to dealer or that brakes could fail.

75. As a direct and proximate result of the defective and unreasonably dangerous condition of Defendant's Defective Brakes as it existed when they were sold

Electronically Filed - FRANKLIN COUNTY - June 07, 2024 - 08:40 AM

and distributed, Plaintiff was injured and damaged and required physical therapy and counseling due to post-traumatic stress stemming from the incident referenced above. Plaintiff incurred medical bills for reasonable and necessary medical treatment, and will incur additional medical expenses in the future. He has been caused to suffer, and will continue to suffer, physical pain and mental anguish.

76. Defendant knew and/or should have known that it was foreseeable that consumers such as Plaintiff would suffer injuries as a result of Defendant's failure to exercise ordinary care in the manufacture, design, testing, assembly, inspection, labeling, packaging, supplying, selling, preparing for use, and otherwise distributing the Defective Brakes.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for personal injury damages he sustained (medical expenses, pain and suffering and emotional distress), but not any economic loss damages due to the sale or repair of Plaintiff's Vehicles, together with costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Gary K. Burger
Gary K. Burger
BURGER LAW, LLC
500 North Broadway, Suite 1860
St. Louis, Missouri 63102
P: (314) 542-2222
gary@burgerlaw.com
***Attorney for Plaintiff***